

**SO ORDERED.**

**SIGNED this 28th day of May, 2009.**

_____
**LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
**Western District of Texas
San Antonio Division Division**

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| RAUL SERGIO CANTU, M.D. | 06-50950-C |
| *DEBTOR* | CHAPTER 7 |
| JOHNNY W. THOMAS, TRUSTEE | |
| *PLAINTIFF* | |
| V. | ADV. NO. 08-5139-C |

|  |
|---|
| UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY, INTERNAL REVENUE SERVICE, RAUL S. CANTU, JR., RICHARD CANTU, MARIA ELENA LOZANO TREVINO (FKA MARIA ELENA CANTU), RAUL S. CANTU TRUSTE, RICHARD CANTU TRUST, RAUL S. CANTU FAMILY LIMITED PARTNERSHIP, RAUL S. CANTU NUMBER TWO FAMILY LIMITED PARTNERSHIP, RAUL S. CANTU NUMBER THREE FAMILY LIMITED PARTNERSHIP, RAUL S. CANTU NUMBER FOUR FAMILY LIMITED PARTNERSHIP, FAUL SERGIO CANTU, M.D., (AKA RAUL SERGIO CANTU-WILLMAN), TUCAN, LLC, TUCAN PROPERTY MANAGEMENT, INC., TROPICAL FISH FAMILY LIMITED PARTNERSHIP, RAILPRESS FAMILY LIMITED PARTNERSHIP, MOONLIGHT FAMILY LIMITED PARTNERSHIP, DWALEON FAMILY LIMITED PARTNERSHIP, THE MARIA E. LOZANO TREVINO FAMILY LIMITED PARTNERSHIP AND HDJ FAMILY LIMITED PARTNERSHIP |
| *DEFENDANTS* |

## MEMORANDUM DECISION AND ORDER ON MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT

CAME ON for consideration the foregoing matter. The non-government defendants move to dismiss the complaint, or alternatively, seek more definite statement regarding some of the causes of action asserted. The trustee filed a response. This decision and order addresses the various relief sought.

**Motion to Dismiss for Want of Personal Jurisdiction**

Raul Sergio Cantu, M.D. maintains that he is not a resident of the United States. Instead, he claims to be a resident of Mexico. The trustee responds that the court has already addressed the question whether Dr. Cantu is a resident of the United States sufficient for the court to have personal

jurisdiction over him. The plaintiff is correct. The court found that it had personal jurisdiction over Dr. Cantu when it granted an order for relief in the involuntary case that was initiated against Dr. Cantu. The debtor's current residence is not decisive of the question. Rather, the issue is whether the debtor had sufficient minimum contacts with the forum as of the time of the acts that are now alleged to be the basis for the suit, and whether it is reasonable under the circumstances that the court assert personal jurisdiction over the defendant. "The due process test for personal jurisdiction has two related components: the 'minimum contacts' inquiry and the 'reasonableness' inquiry." *See Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2nd Cir. 1996); *see also In re Globo Comunicacoes e Participacoes S.A.*, 317 B.R. 235, 257-58 (S.D.N.Y. 2004), *In re Geauga Trenching Corp.*, 110 B.R. 638, 647 (Bankr. E.D.N.Y. 1990). Where a non-resident defendant "purposefully directed his activities at residents of the forum," his contacts with the forum are sufficient to support personal jurisdiction in any "litigation [that] results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (quotations omitted). A single transaction with the forum by the plaintiff will suffice. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957).

> The defendant's activity need not take place within the forum so long as it is "intentional conduct . . . calculated to cause injury" to the plaintiff within the forum. *Calder v. Jones*, 465 U.S. 783, 791 (1984). *See also Burger King*, 471 U.S. at 476 ("[W]e have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction . . . ."). However, "it is essential . . . that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . . thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

*In re Uni-Marts, LLC*, 2009 Bankr. LEXIS 935, at 9 (Bankr. D.Del. 2009). Insofar as the question of reasonableness is concerned, the issue is one, essentially, of evaluating whether the assertion of personal jurisdiction comports with notions of fair play and substantial justice. "The burden on a defendant who wishes to show an absence of fairness or lack of substantial justice is heavy." *Grand*

*Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 483 (3d Cir. 1993)*; see also Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 114 (1987) ("When minimum contacts have been established, often the interests of the plaintiff and the forum in the exercise of jurisdiction will justify even the serious burdens placed on the alien defendant").

The court need not conduct an evidentiary hearing on the facts relating to the assertion of personal jurisdiction. Instead, the court may, at the motion stage, rely on whether the facts, as alleged in the complaint, make out a *prima facie* case for maintaining personal jurisdiction. *Cutco Industries v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986); *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981). In this case, the complaint sets out numerous acts relating to conduct either directly or indirectly accomplished by Dr. Cantu within the United States. Further, the assertion of personal jurisdiction is reasonable under the circumstances, as it is the trustee in bankruptcy, a case involving this very defendant as the debtor, and against whom an order for relief has already been entered after a detailed consideration of the facts relating to whether personal jurisdiction was then present. For these reasons, the motion to dismiss for lack of personal jurisdiction is denied.

**Motion to Dismiss Other Named Defendants for Lack of Personal Jurisdiction**

As noted already, personal jurisdiction will be tested at this stage on the allegations in the complaint, not on the factual assertions made in this motion. The complaint adequately states a basis for personal jurisdiction over these entities. In addition, the fact that a given entity may no longer exist does not necessarily mean they are no longer amenable to suit. State laws regarding legal entities routinely provide that such entities may sue or be sued for a period of time following their dissoluton. *See, e.g.,* TEX BUS. ORG. CODE, § 11.356 (West pamph. ed. 2008). The motion to dismiss for lack of personal jurisdiction is denied.

**Motion to Dismiss Objection to Discharge**

The premise of this motion is that no § 341 meeting was ever timely scheduled. Of course the motion does not mention the *reason* the motion was not scheduled – the debtor refused to come back to the United States to appear for a meeting of creditors. In addition, the debtor refused to disclose his current location. Until it was certain that the debtor's appearance could be obtained, and that schedules and a statement of affairs would be filed (as the debtor's counsel promised they would be), it was not reasonable to schedule the first meeting. The court notes, in all events, that a first meeting has now been scheduled, and held, and that the debtor did appear at said meeting. This motion is not well taken, in that the debtor proposes to benefit from his own failure to comply with his duties and obligations under section 521. The motion is denied.

**Motion to Dismiss for Failure to State a Claim**

This motion is set out in sub-parts. This decision addresses those sub-parts.

**A. "Liability of Dr. Cantu's Marital Estate"**

The complaint seeks the imposition of a constructive or resulting trust on such property as may have been acquired with the proceeds of community property awarded to the former spouse of Dr. Cantu in their divorce. The motion contends that insufficient facts are pleaded to support this allegation. If that is the case, then the correct procedural remedy is not a motion to dismiss for failure to state a claim, but rather a motion for more definite statement. The court cannot, as a matter of law, rule at this stage that a former spouse's receipt of property incident to a divorce could not qualify as an appropriate target for the imposition of a constructive or resulting trust, because, as a matter of law, such transfers *could* be vulnerable to just such an imposition.

The court agrees that the allegation is insufficiently pleaded to permit the defendant(s) to frame an answer. Accordingly, while a motion to dismiss is denied, the court grants the implied

motion for more definite statement, directing the plaintiff to plead with greater specificity the facts allegedly supporting the plaintiff's entitlement to this relief.

### B. Recovery of Avoidable Transfers

Defendants contend that the plaintiff is obligated to prove a "continuous fraud" in violation of the fraudulent conveyance laws of the state of Texas and title 11. The court is unaware of any such requirement in either of these laws, and defendants fail to cite any legal authority for this contention. The motion, as premised on this ground, is denied.

The motion complains that the complaint seeks relief in the form of an order authorizing the sale of assets recovered in the complaint. The motion says this relief fails as a matter of law. It does not fail as a matter of law. However, due administration of the estate counsels that such a motion be brought independently of this adversary proceeding, with notice in accordance with the Bankruptcy Rules. Plaintiff is requested to amend his complaint to delete this request for relief at this point in time, without prejudice to seeking an order authorizing sale of assets recovered at the appropriate time, and in the appropriate manner.

The remaining portions of the motion addressed to this issue are better left to discovery. They are not an appropriate basis for dismissal.

### C. Sale of Estate Property Free and Clear of Liens

As noted above, this relief could be requested in this fashion as a matter of law, but is better asserted as a matter of procedure in the main case, as and when property is recovered. The motion to dismiss this relief is denied.

### D. Breach of Fiduciary Duties

The court is in agreement with the plaintiff that the allegation of a breach of fiduciary duties fails to state a claim for which relief can be granted. The plaintiff asserts that there is a fiduciary

duty owed to the trustee in this case, but fails to offer any factual support for such an assertion. No facts are stated that would in any way raise a fiduciary relationship between the debtor, the debtor's various insiders and the other defendants, on the one hand, and either the trustee or the bankruptcy estate of the debtor. Of course, while there are a variety of duties imposed upon debtors when a case is filed, the breach of those statutory duties is not a breach of a fiduciary duty. It may be that a debtor and others acting in concert with the debtor might, in contravening their statutory duties, violate one or more criminal statutes, but even then, no fiduciary duty is implicated. The motion to dismiss this cause of action is granted.

### E. Request for Accounting and Temporary Injunction

A trustee in bankruptcy is entitled to seek the turnover of property of a debtor, as well as books and records of a debtor. *See* 11 U.S.C. § 542. The trustee can bring such an action against any person in whose hands such property or records may be found. Contrary to the defendants' general assertions, the trustee has in fact stated a cause of action for which relief can be granted.

It is alleged that the trustee may not seek an accounting under state law with regard to the debtor and the other defendants in this case. The court disagrees. There is no impediment to a trustee invoking a state law remedy in this court. The court *does* agree with defendants that the request for an accounting is not sufficiently specific to permit the defendants to frame a proper answer. A list of the transactions for which an accounting is sought needs to be set out, and the plaintiff needs to set out against which persons an accounting is sought with respect to each such transaction.

The court agrees that there are not currently pleaded sufficient facts to warrant the entry of a pre-judgment preliminary injunction. That relief is therefore denied, without prejudice.

## Motion for More Definite Statement

The foregoing analysis adequately addresses the various requests for more definite statement.

They will not be repeated here.

## Conclusion

The motion to dismiss complaint against the debtor for lack of personal jurisdiction is denied.

The motion to dismiss the complaint as to the other defendants for lack of personal jurisdiction is denied.

The motion to dismiss the objection to discharge is denied.

The motions to dismiss for failure to state a claim and motions for more definite statement are disposed of as follows:

(1) Liability of Dr. Cantu's Marital Estate - motion to dismiss denied; motion for more definite statement granted.

(2) Avoidance of transfers - motion to dismiss denied; motion for more definite statement denied.

(3) Sale of estate property free of interests - motion to dismiss denied; motion for more definite statement denied; plaintiff encouraged to replead so as to request this relief by separate motion.

(4) Breach of fiduciary duties - motion to dismiss granted.

(5) Request for an accounting - motion to dismiss denied; motion for more definite statement granted.

(6) Request for turnover of property - motion to dismiss denied; motion for more definite statement denied.

(7) Request for temporary injunction - motion to dismiss granted, without prejudice.

# # #